UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. PAUL FIRE & MARINE INSURANCE
COMPANY,

        Plaintiff,                                   Civil Action No.
                                                      06-CV-14191

vs.

                                                      HON. BERNARD A. FRIEDMAN

CITY OF DETROIT, et. al.,

        Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DETROIT'S
"OFFER OF JUDGMENT" AND TO DEFER COMMENCEMENT OF 21 DAY PERIOD
TO RESPOND TO DETROIT'S "OFFER OF JUDGMENT"**

        This matter is presently before the Court on Plaintiff's "Motion to Strike Detroit's 'Offer of Judgment' and to Defer Commencement of 21 Day Period to Respond to Detroit's 'Offer of Judgment'" ("Plaintiff's motion") [docket entry 24]. Plaintiff filed its motion on November 2, 2007, and Defendant City of Detroit filed a response on November 13, 2007. The Court has set this matter for expedited consideration, per Plaintiff's request. The Court has had an opportunity to thoroughly examine Plaintiff's motion and Defendant City of Detroit's response. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court will decide this matter without oral argument. For the reasons stated below, the Court will deny Plaintiff's motion.

        On October 25, 2007, Defendant City of Detroit served upon Plaintiff an offer of judgment. The offer of judgment states that it is being made pursuant to Michigan Court Rule 2.405,

1

and specifies that if Plaintiff wishes to accept the offer, it must serve a written notice of its agreement to stipulate to entry of the judgment offered within 21 days. The offer therefore expired yesterday.[1]

Plaintiff urges the Court to strike Defendant City of Detroit's offer of judgment because it was made pursuant to Michigan law and not Federal Rule of Civil Procedure 68, which governs offers of judgment. Plaintiff contends that federal law governs under the *Erie* doctrine because Michigan Court Rule 2.405 is a procedural rule. On the other hand, Defendant argues that Michigan Court Rule 2.405 governs because it is a substantive rule.

Plaintiff also asks that the Court defer the commencement of the 21-day period in which Plaintiff has to respond to Defendant City of Detroit's offer of judgment until the Court disposes of Plaintiff's motion to strike. Clearly, Plaintiff wishes to preserve its power to accept Defendant City of Detroit's offer in the event that the Court denies Plaintiff's motion to strike the offer.

Federal Rule of Civil Procedure 68 states, in relevant part,

> a party . . . may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property . . . specified in the offer . . . . If . . . the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance . . . .

Likewise, Michigan Court Rule 2.405 states, in relevant part,

> [t]o accept [an offer to stipulate to entry of judgment], the adverse party, within 21 days after service of the offer, must serve on the other parties a

---

[1] However, the Court notes that Defendant City of Detroit, in its response brief, has indicated that it has "agreed to provide [Plaintiff] with a seven-day extension (on top of the twenty-one-day period provided under MCR 2.405) to respond to [the] offer of judgment." (Def.'s Resp. at 11.) This makes the new response deadline November 22, 2007.

2

> written notice of agreement to stipulate to the entry of the judgment offered, and file the offer, the notice of acceptance, and proof of service of the notice with the court.

MCR 2.405(C). As one court has put it,

> Rule 68 is really unambiguous--its first sentence provides only for the service of offers of judgment on the adverse party, while its second sentence calls for filing of the offer only if the adverse party accepts it within ten days after such service. By strong negative inference, that latter reference to filing if and when the offer is accepted confirms the plain meaning of Rule 68's first sentence that no filing is permitted at the time of tender.

*Kason v. Amphenol Corp.*, 132 F.R.D. 197, 197 (N.D. Ill. 1997). The *Kason* court also recognized that the above rule "is the uniform view of the commentators." *Id*. Upon further review, this Court agrees. According to Wright and Miller, for example,

> [t]he defendant should not file the offer with the court, but if that is done . . . the remedy is to strike the offer from the court's file. If the offer is accepted, the offer and acceptance will be filed. If it is not accepted, the offering party can prove it at the proper time to defeat costs.

12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3002 (2d ed. 1997) (footnotes omitted). Because the offer of judgment has not yet been accepted by Plaintiff, it is not properly before the Court, and inadmissible. Therefore, it must be stricken from the Court's file. At the present time, the offer of judgment is a private matter between the parties. It will become relevant and admissible if, and only if, Plaintiff accepts the offer, or if Plaintiff declines to accept the offer and ultimately recovers less than the offer amount. In the latter scenario, Defendant will be entitled to costs and, possibly, attorney fees as well, depending on whether Federal Rule of Civil Procedure 68 or Michigan Court Rule 2.405 applies. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Strike Detroit's 'Offer of Judgment' and to Defer Commencement of 21 Day Period to Respond to Detroit's 'Offer of Judgment'" [docket entry 24] is denied. Defendant's offer of judgment is stricken from the Court's file.


    \_\_s/Bernard A. Friedman_____
    BERNARD A. FRIEDMAN
    CHIEF UNITED STATES DISTRICT JUDGE


Dated: November 16, 2007
       Detroit, Michigan


I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman